[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12153
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 25, 2008
THOMAS K. KAHN
CLERK

BIA Nos. A98-733-900 & A98-733-901

MARTHA CRISTINA LAVERDE,
FREDY SANABRIA,
ANDRES JIMENEZ,
JUAN SANABRIA,

                                                                      Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 25, 2008)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Martha Laverde and her family, natives of Colombia, through counsel, seek review of the Board of Immigration Appeals's ("BIA's") decision summarily affirming the immigration judge's ("IJ's") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  We initially consider which issues, if any, are preserved for appellate review, before reviewing the merits of Laverde's preserved claims.

I.

"When an appellant fails to offer argument on an issue, that issue is abandoned" and passing references to the issue are insufficient to prevent abandonment.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).  A party's failure "to elaborate or provide any citation of authority in support" waives the argument for appellate purposes.  *Flanigan's Enter., Inc. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001).

We conclude from the record that Laverde fails to adequately raise her asylum claim based on past persecution, or her withholding of removal and CAT relief claims in her appellate brief.  We also conclude that she fails to sufficiently

---

[1] Although Laverde's husband and two children are also named as petitioners, their claims for asylum are based on derivative status.  Accordingly, the petitioners will be collectively referred to as "Laverde."  Derivative status is unavailable under the withholding statute.  8 U.S.C. § 1231; *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007).

challenge the IJ's adverse credibility determination, which was largely dispositive regarding her request for asylum. Accordingly, these issues are deemed abandoned, and Laverde's petition for review is denied in this respect. *See Sepulveda*, 401 F.3d at 1228 n.2; *Flanigan's Enter., Inc.*, 242 F.3d at 987 n.16.

As a result, it is not necessary to decide whether the IJ's adverse credibility finding was based on specific, cogent reasons or supported by substantial evidence.[2] Nevertheless, we analyze the remaining question of whether the IJ properly denied Laverde's claim for asylum based on a well-founded fear of persecution.

II.

We review the BIA's decision, except to the extent that it expressly adopts the opinion of the IJ. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Here, because the BIA summarily affirmed the IJ's decision, we review the IJ's decision. *See id.*

Factual determinations are reviewed under the substantial evidence test, and we will affirm if the IJ's decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Forgue v. U.S. Att'y Gen.*,

---

[2] In any event, we have independently reviewed the IJ's credibility determination and conclude, in the alternative, that it is supported here by substantial evidence.

401 F.3d 1282, 1286 (11th Cir. 2005). In order to reverse the IJ's decision, we must conclude that the record compels reversal. *Niftaliev v. U.S. Att'y Gen.*, 504 F.3d 1211, 1215 (11th Cir. 2007) (involving *sua sponte* reconsideration of an earlier appeal). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (internal quotations and citation omitted).

An adverse credibility determination alone may be the basis for denying an asylum application if the applicant produces no evidence other than her testimony. *Forgue*, 401 F.3d at 1287. If the applicant produces evidence then it must also be considered by the IJ. *Id.*

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A "refugee" is defined in the INA as an individual who is unwilling or unable to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee"

4

status. *Al Najjar*, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutory factor, or (2) a "well-founded fear" that the statutory factor will cause such future persecution. 8 C.F.R. § 208.13(b). Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution "*on account* of" a statutory factor. *Al Najjar*, 257 F.3d at 1287 (emphasis added).

The asylum applicant does not need to show that she will be singled out for persecution if she establishes a "pattern or practice" in her country of "persecution of a group of persons similarly situated" and a reasonable fear of persecution on account of a protected ground based on her inclusion in that group. 8 C.F.R. § 208.13(b)(2)(iii).

Persecution on account of political opinion refers to persecution based on the victim's political opinion, not persecution based on the persecutor's political opinion. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006). "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Id.*

Neither the INA nor the regulations define "persecution," but we have

indicated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (internal quotation marks and alteration omitted). "Not all exceptional treatment is persecution." *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000). For example, menacing telephone threats do not rise to the level of past persecution. *Sepulveda*, 401 F.3d at 1231. We have held that the cumulative effect of beatings, kidnaping, and threatening phone calls constituted past persecution. *Ruiz v. Gonzalez*, 479 F.3d 762, 766 (11th Cir. 2007).

An applicant may establish a "well-founded fear" by demonstrating that her fear of future persecution is "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289; *see also* 8 C.F.R. § 208.13(b)(2).

Because Laverde's testimony was deemed to be not credible, it cannot be used to find that she had a well-founded fear of persecution. *See Forgue*, 401 F.3d at 1287. Laverde also submitted evidence, however, including a written statement, a police report, and a Country Report, and the IJ was required to consider these materials. *See id.* The IJ did so, even though most of the evidence was not directly relevant to her application.

Although the IJ did not expressly consider whether the written statement and police report by themselves were grounds for granting her asylum claim, the IJ

made clear that Laverde had failed to satisfy her burden of proof, noting, for example, that these documents were inconsistent with her testimony and that she had not provided medical documentation related to the kidnaping incident. Furthermore, the IJ specifically found that Laverde had failed to produce "sufficient and concrete evidence" to demonstrate a well-founded fear of persecution. Having reviewed the IJ's findings, we conclude that they are supported by substantial evidence.

Accordingly, we deny Laverde's Petition for Review.

**PETITION DENIED.**